# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH R. REISINGER**, | : | CIVIL ACTION NO. 3:12-CV-2117 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **RICHARD L. CONNOR**, *et al.*, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 17th day of December, 2012, upon consideration of the concurred-in motion (Doc. 9) of the Federal Deposit Insurance Corporation, as Receiver for NOVA Bank ("FDIC-Receiver"), to substitute the Receiver as a Party in Place of Nova Savings Bank[1] and Stay all Proceedings, and upon further consideration of the concurred-in motion (Doc. 11) of FDIC-Receiver for an Extension of Time to File a Responsive Pleading while Motion to Substitute and Stay Proceedings is Pending, and it appearing that FDIC-Receiver was appointed receiver of NOVA Bank on October 26, 2012, and that, pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1811 *et seq.* ("FIRREA"), FDIC-Receiver succeeds "to all rights, titles, powers and privileges of the insured depository institution," see 12 U.S.C. §§ 1821(d)(2)(A)(i), (B)(iii); see also FED. R. CIV. P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be

---

[1] FDIC avers that plaintiff incorrectly identified NOVA Bank as "Nova Savings Bank" in his complaint. (See Doc. 10, at 4).

substituted in the action or joined with the original party."), and it further appearing that the court does not have jurisdiction over any claims to a failed bank's assets, including claims pending at the time of the receiver's appointment,[2] that have not been filed with its receiver first, see 12 U.S.C. § 1821(d); FDIC v. Shain, Schaffer & Rafanello, 944 F.2d 129, 132 (3d Cir. 1991) ("Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside" the FIRREA claims process.); National Union Fire Ins. Co. v. City Sav., F.S.B., 28 F.3d 376, 383 (3d Cir. 1994) ("[I]n order to obtain jurisdiction to bring a claim in federal court, one must exhaust administrative remedies by submitting the claim to the receiver in accordance with the administrative scheme for adjudicating claims detailed in § 1821(d)."),[3] and that a stay pending resolution of the FIRREA proceedings should apply to all parties in the litigation, see Glover v. Washington Mut. Bank, F.A., Civ. A. No. 08-990, 2009 WL 798832, at *7 (W.D. Pa. Mar. 20, 2009) ("Judicial resources would be ill-spent if [plaintiff] could continue now in the litigation against every defendant except the FDIC."), it is hereby ORDERED that the motions (Doc. 9; Doc. 11) are GRANTED as follows:

---

[2] See, e.g., Resolution Trust Corp. v. Kolea, 866 F. Supp. 197 (E.D. Pa. 1994) (litigants must present pre-receivership claims to the administrative review process elicited in 12 U.S.C. § 1821(d)).

[3] A receiver must provide notice to potential claimants informing them that they have 90 days to file claims. 12 U.S.C. §§ 1821(d)(3)(B), (C). After a claim is filed, the receiver has 180 days to determine whether to allow the claim. 12 U.S.C. § 1821(d)(5)(A). If the receiver disallows the claim, or the 180-day period expires, the claimant has 60 days to continue any pre-receivership litigation. § 1821(d)(6)(A).

1.  The FDIC shall be SUBSTITUTED as a party to this litigation in place of Nova Savings Bank.

2.  The Clerk of the Court shall re-caption the case to reflect this substitution.

3.  The action shall be STAYED until:

    a.  Any party to this action asserting a claim against FDIC-Receiver ("Claimant") notifies the Court in writing that:

        i.  FDIC-Receiver has determined claimant's claim pursuant to 12 U.S.C. § 1821(d) and claimant intends to continue this action; or

        ii. The time period for FDIC-Receiver to determine whether to allow administrative claims pursuant to 12 U.S.C. § 1821(d)(5)(A) has expired and Claimant intends to continue this action; or

    b.  Any party to this action files a motion to lift the stay demonstrating circumstances warranting such action.

4.  FDIC-Receiver shall file a pleading in response to plaintiff's complaint within sixty (60) days after the expiration of the stay of proceedings granted in Paragraph 3 pursuant to FED. R. CIV. P. 6(b)(1)(A) and 12(a)(2).

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge