IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH R. REISINGER, | : | Case No. 3:12-cv-02117 |
| | : | |
| Plaintiffs | : | |
| | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| RICHARD L. CONNOR, *et al.*, | : | Consolidated with 3:12-cv-2553 |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
December 3, 2014

Responding to this Plaintiff's lack of response, the Defendants filed a

Motion to Dismiss Plaintiffs' Consolidated Action Pursuant to Federal Rule of

Civil Procedure 41(b) for Plaintiff's Failure to Prosecute (ECF No. 36).  That

Motion is now before this Court.

The Defendants submitted a Brief in Support of their Motion (ECF No. 37).

The Plaintiff remains a silent enigma.  For the reasons that follow, the Defendants'

Motion is granted.

## I.    BACKGROUND

 In October 2012, Plaintiff Joseph R. Reisinger ("Plaintiff" or "Reisinger")

filed two lawsuits against more than twenty (20) defendants, including the City of

Wilkes-Barre, Mayor Thomas Leighton, NOVA Bank, members of the news

media, lawyers, law firms, and other individuals and corporations as the docket indicates.  In a gargantuan three hundred twenty-six (326) page Complaint whose very existence incites mockery of Rule 8's mandate that a pleading "must contain . . . a short and plain statement of the claim," Reisinger alleged a vast conspiracy among these many Defendants to defame him.  FED. R. CIV. P. 8(a).

Consistent with federal statutory mandates, on December 17, 2012, this Court stayed those actions and ordered that Reisinger first pursue and exhaust his administrative claims against NOVA Bank through the Federal Deposit Insurance Corporation ("FDIC"), NOVA Bank's receiver ("FDIC-Receiver").  There is no indication that Reisinger ever commenced the administrative process in the intervening two-year period since that stay was issued.

This Court scheduled a telephone status conference on October 8, 2014 in order to discern the Plaintiff's progress on his administrative action.  Despite numerous attempts by Defense counsel to communicate with the Plaintiff, he was never successfully contacted and was not present on the telephone call.  In addition to Reisinger's failure to respond to both the Defendants requests to contact him and multiple Court Orders, his last activity on the docket in this case was on November 29, 2012.  Despite attempts to contact him, this Court has not heard from the Plaintiff in this case since the undersigned joined the bench.  Accordingly, the

2

Defendants' moved for the dismissal of this action for the Plaintiff's failure to prosecute his case.

## II.   DISCUSSION

### A.   <u>Involuntary Dismissal Standard</u>

"A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)."  <u>Iseley v. Bitner</u>, 216 Fed. App'x 252, 254–55 (3d Cir. 2007). Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).

The United States Court of Appeals for the Third Circuit has articulated six factors for a court to consider when pondering dismissal under Rule 41(b):

(1)    the extent of the party's personal responsibility;
(2)    the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
(3)    a history of dilatoriness;
(4)    whether the conduct of the party or the attorney was willful or in bad faith;
(5)    the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
(6)    the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  "In

balancing these factors, there is no 'magic formula,' nor must they all be satisfied."

Parks v. Ingersoll-Rand Co., 380 Fed. App'x 190, 194 (3d Cir. 2010).  The Court

applies these factors to the facts of this case.

> **B.**     **Application of _Poulis_ Factors**

>> 1.     Plaintiff Is Solely Responsible for the Delay

Plaintiff is an attorney representing himself in this action.  He received the

Court's Order of December 17, 2012, which stayed the case until Reisinger

pursued and exhausted his administrative remedies.  There is no indication

Reisinger ever began the administrative process.  Moreover, he has failed to

communicate with the parties or the Court regarding the status of his claims, and

failed to respond to multiple Court Orders, while the Defendants have been

compliant and attended the recent telephonic status conferece.  Thus, this factor

weighs heavily in favor of dismissal.  See, e.g., Ball v. Lamas, No. 1:09-CV-

8462012 WL 895942, *16–20 (M.D. Pa. Jan. 17, 2012) _report and_

_recommendation adopted_, No. 1:09-CV-846, 2012 WL 895935 (M.D. Pa. Mar. 15,

2012).

>> 2.     Prejudice to Defendants

The Defendants have suffered prejudice in this case.  Plaintiff's delays have

impeded the normative aspiration for prompt resolution of litigation in which

Plaintiff alleged defamation claims against Defendants, which include accusations

that impugn their professional reputations.  The Defendants suffer prejudice to

those reputations while claims damaging their names remain unresolved.  See

Crespo v. Nicholson, No. 02: 05-CV-1656, 2006 WL 2924790, *2–3 (W.D. Pa. Oct.

10, 2006) (noting that a company suffers prejudice when litigation accusing it of

discrimination is extended indefinitely due to plaintiff's delays).

Furthermore, discovery has not begun in the case.  Therefore, the Defendants

have also been prejudiced by the inevitable dimming of memories that comes with

the passage of time.  See Herrman v. Allstate Ins. Co., 450 F. Supp. 2d 537, 542–43

(E.D. Pa. 2006) (noting that witness memories are subject to inevitable dimming

with the passage of time that prejudice a defendant).

### 3.      Plaintiff Has Demonstrated a History of Dilatory Conduct

Plaintiff's repeated lengthy delays in this action support its dismissal.  See

Parks, 380 Fed. App'x at 194.  On November 26, 2012, the FDIC-Receiver

provided Plaintiff with a Notice of Discovered Creditor – Proof of Claim letter

together with a form and instructions advising him that he must pursue his claims

against NOVA Bank, he would have to complete and file his proof of claim with the

FDIC-Receiver by the January 31, 2013 claims bar date.  Defs.' Br. Supp. 12, Nov.

6, 2014, ECF No. 37.  As previously noted, the Court stayed the Plaintiff's first Complaint on December 17, 2012 until after Plaintiff exhausted his claims against the FDIC-Receiver relating to NOVA Bank through the administrative claims process.  Plaintiff did nothing to pursue his claims at that time.

On May 24, 2013, after the case was reassigned to the undersigned, the Court issued an Order, *inter alia*, reasserting that the case remained stayed until a party in the action asserting a claim related to the FDIC-Receiver notified the Court that the administrative process was exhausted (ECF No. 31).  Again, there is no indication Plaintiff took action.

Finally, the Plaintiff was entirely unresponsive to this Court's Order of September 30, 2014 scheduling a telephonic status conference for October 8, 2014 (ECF No. 32).  The Plaintiff was not present at that conference in violation of the Order, and has not contacted the Court in the wake of his violation.  Accordingly, the Plaintiff's history of dilatory conduct supports dismissal.

### 4.   Plaintiff's Delays Appear Willful

Based on the facts previously elucidated, Plaintiff was well aware of several Court Orders instructing him to exhaust his administrative remedies, which all indications suggest he failed to do.  There is no justifiable explanation for the Plaintiff's failure that the Court is aware of, supporting the inference that his

behavior is willful.  See Crespo, No. 02: 05-CV-1656, 2006 WL 2924790, at \*7 (finding that where plaintiff has not presented any outside circumstances to justify delay a court may find the conduct was willful).

### 5.    No Other Effective Sanctions Exist

Plaintiff has been entirely unresponsive to multiple Court Orders in this case, and has neither conducted activity to advance the litigation or contacted the Court in more than a year.  There are no alternative sanctions available to this unresponsive Plaintiff to which the court has provided ample opportunity to pursue his claims and comply with Court Orders.  Accordingly, this factor supports dismissal.  See id. at \*8.

### 6.    Merits of the Case

Because the other factors overwhelmingly support dismissal of this case, and the Court does not have the benefit of extensive briefing and discovery, the Court declines to analyze the merits of Plaintiff's case.  Nevertheless, when a plaintiff fails to pursue his own claims past filing the complaint, "[c]ommon sense dictates that [plaintiff's] action is of questionable merit."  Id. at \*3 (quoting Windward Agency Inc. v. Cologne Life Reinsurance Co., 353 F. Supp. 2d 538, 541 (E.D. Pa. 2003)) (internal quotations omitted).

## III.    CONCLUSION

The Plaintiff's claims are dismissed with prejudice pursuant to Rule 41(b), because he failed to prosecute his case and comply with multiple Court Orders.[1]  An appropriate Order follows.


BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[1] It is worth noting that Local Rule 41.1 does not apply to this case and does not impede its dismissal.  See M.D. Pa. L.R. 41.1; Parks v. Ingersoll-Rand Co., 380 Fed. App'x 190, 195–96 (3d Cir. 2010).